UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence D. Blue, #308179 | C/A No. 2:09-1629-CMC-RSC |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Gregory T. Knowlin, Warden for Turbeville Correctional Institution; Captain Chavala and Major Sharp, all employees for Turbeville Correctional Institution, | |
| Defendants. | |

## Introduction

The plaintiff, Clarence D. Blue ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff claims that the defendants are deliberately indifferent to his unsafe prison conditions. Plaintiff seeks monetary and injunctive relief. The complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further,

2

the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

In his original complaint, the plaintiff alleges the following facts verbatim and seeks the following relief:

> On or about February 2009, a roomate of mine by the last name of Jengum (last name and SCDC number unknown at this time) constantly harassed me on a daily basis. This inmate would in fact break into my locker when I was not present in the room and steal several of my belongings to wit: my canteen, and my family pictures. Also, this inmate obtained the address to my sister's home, he sent my sister a letter asking for sexual favors. I, on more than one occassion, asked the staff here at Turbeville to entervene on my behalf.
>
> I tried on numerous occasions to be moved to another room. I am a seventy year old man with more than one health issue and I can't defend myself physically against an inmate that is tweenty years plus my junior. I informed several different officers at numerous times of my abuses committed against me at the hands of my roomate. Despite, this the staff here at Turbevill has shown a deliberate indifference to my living conditions, they have refused to let me move to another room. I have in fact been made to suffer physical and mental distress due to this deliberate indifference. I therefor, am also asking this honorable court to grant me an immediate injunction and have this staff here at Turbeville move me to another room and better living conditions.
>
> I am also asking for monetary relief to be ordered by the court. The amount to be fixed by this honorable court.

(Compl. at 2-3)

In response to this court's June 24, 2009, proper form order which directed the plaintiff to complete a court complaint form, the plaintiff submitted a copy of his same original typed complaint and hand wrote one additional statement on the complaint - that Capt. Chavala and Major Sharp were specifically the staff at Turbeville who he had asked to intervene on his behalf. (Compl. at 7) Also, in the caption of the plaintiff's original complaint, he did not name Ozmint or Cooper as defendants but he did refer to them as such within the body of the complaint. The Clerk of Court listed the defendant parties according to the plaintiff's own caption on his complaint (Knowlin, Chavala, and Sharp). In this court's June 24, 2009, proper form order which also directed the plaintiff to submit proposed service documents, the court directed the plaintiff to clarify which defendants he intends to sue. From the proposed service documents, it appears that the docket is correct and that Plaintiff is suing Knowlin, Chavala, and Sharp.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of*

*Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff may be bringing two different, but related, Eighth Amendment claims – that his prison conditions amount to cruel and unusual punishment and a "failure to protect" claim for failure to prevent a future attack by another inmate.

First, to state a cognizable Eighth Amendment claim related to prison conditions, a two-pronged showing is necessary: (1) a serious deprivation of a basic human need (*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); and (2) deliberate indifference to prison conditions on the part of prison officials. (*Wilson v. Seiter*, 501 U.S. 294 (1991)). *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991). Plaintiff alleges that his Eighth Amendment rights are being violated because he is incarcerated in an unsafe environment due to his cell mate's unacceptable behavior. Plaintiff claims that he has reported his cell mate's behavior to defendants but that nothing has been done to separate him or stop the behavior. In other words, Plaintiff may be claiming "cruel and unusual punishment" because the defendants will not move him to a different

cell even though he has informed them about his intolerable situation.

It is well established that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Contemporary standards of decency require that a State who restrains an individual's liberty so that he is unable to care for himself must provide for his basic human needs. *Id.* The Eighth Amendment is "implicated only in those cases where a prisoner is deprived of the 'minimal civilized measure of life's necessities.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Conditions that are restrictive and even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution 'does not mandate comfortable prisons.'" *Harrison v. Burt*, No. 07-CV-11412, 2008 WL 4450286 at *12 (E.D. Mich. Sept. 29, 2008) (quoting *Rhodes*, 425 U.S. at 349).

In this case, Plaintiff is essentially complaining that his cell mate is annoying, offensive, strange, rude, and steals from him. Plaintiff does *not* allege that his cell conditions are unsanitary, and, although he attempts to claim that his prison conditions are unsafe, he does not allege facts to support that bald assertion. At most, he states that because he is seventy

7

years old and the cell mate is much younger that he cannot assert his rights with the cell mate for fear that the cell mate may attack him. Plaintiff implies that if he does in the future get into a fight with his cell mate (e.g., as a result of accusing the cell mate of stealing and demanding that he return Plaintiff's canteen items) he will lose. The alleged conditions, while harsh, are ordinary incidents of prison life because it is always possible that any cell mate may get into a fight with another cell mate. Many prisoners likely must deal with, and share a cell with, disagreeable, dishonest, other persons who are also incarcerated. *See Ajaj v. United States*, 479 F. Supp. 2d 501, 547-48 (D.S.C. 2007) (noting that a corrections facility is not a hotel and that it should be expected that conditions are oftentimes less than ideal).

Moreover, there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). In other words, the placement and

assignment of inmates into particular institutions, units, or cells by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. Since the plaintiff was committed to the custody of the South Carolina Department of Corrections, the choices of where and how the plaintiff is to be confined are to be determined by the South Carolina Department of Corrections without interference by the federal courts.[3] Even assuming that defendants have refused to give Plaintiff a different cell mate and that "Jengum" is a terrible cell mate, while inconvenient for Plaintiff, his federally guaranteed constitutional rights are not violated because SCDC officials have the discretion to transfer Plaintiff to any place they designate. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

As to Plaintiff's failure to protect claim, his alleged facts simply do not rise to the level of an alleged constitutional

---

[3] While the undersigned is mindful of *Jones v. Bock*, 127 S.Ct. 910 (2007), it is noted that whether the plaintiff filed Step One and Two grievances within SCDC is unknown. Even after being directed to do so by the proper form order, Plaintiff did not complete the court complaint form which requests information on exhaustion.

9

violation. Plaintiff does not allege any facts to show that he is exposed to a substantial risk of serious harm in that if nothing is done he is almost certain to face a serious beating at the hands of his cell mate. *See Baze v. Rees*, 128 S.Ct. 1520, 1530-31 (2008) (noting that the Eighth Amendment protects against a risk of future harm that is '*sure or very likely* to cause serious illness and needless suffering') (citation omitted). *See also Linson v. Webb*, No. 04-CV-898-WDS, 2008 WL 835271 at *1-2(S.D. Ill. March 27, 2008) (finding that the prisoner had not informed the defendants that he feared for his own safety and that requests to be moved and complaints of unhappiness with his cell mate's mental instability and lack of hygiene were not sufficient to prove a failure to protect claim). For example, Plaintiff does not allege facts that would show that he is a member of a gang and that his cell mate is a member of a rival gang or that his cell mate has a propensity of violence towards a particular individual or class of individuals. *See Clark v. Johnson*, No. 04-C-1031, 2005 WL 2406111 at *6-7 (E.D. Wis. Sept. 29, 2005), aff'd 181 Fed. Appx. 606 (7th Cir. June 9, 2006). As noted previously, at most Plaintiff alleges that he cannot confront his cell mate about his unacceptable behavior for fear that they would then get into a physical fight. Even liberally construed, this is not a situation of a substantial risk of an almost certain beating. Plaintiff can choose to remain quiet to the cell mate and pursue his grievances with prison officials.

Also, Plaintiff and the cell mate could have a discussion about the issues without physical violence.

Additionally, Plaintiff's claims for compensatory damages based upon the alleged Eighth Amendment violations should be barred by 42 U.S.C. § 1997e(e), which provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, Plaintiff's alleged facts only detail mental and emotional stress as the Plaintiff's injury but no physical injury. *Cf. Ashe v. Smith*, C/A No. 8:07-537-RBH, 2007 WL 1423730 at *2 (D.S.C. May 10, 2007) (finding that the plaintiff's claim for injunctive relief could proceed even without a showing of physical injury).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

July 31, 2009  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).